**E-FILED**
Wednesday, 22 October, 2008  09:55:30 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 01-30031 |
| | ) | |
| DONALD G. MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Defendant Donald G. Moore's amended motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence.[1]

On August 29, 2001, Defendant Donald G. Moore pled guilty to one count of possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).  This offense carried a ten-year statutory mandatory minimum penalty.

At sentencing, the Defendant was held accountable for 40.15 grams

---

[1]The motion for substitution of counsel filed by the Government and Assistant United States Attorney Patricia A. McInerney [d/e 60] is GRANTED.  The Defendant's initial motion to reduce his sentence under 18 U.S.C. § 3582 [d/e 57] is DENIED AS MOOT.

of crack cocaine which resulted in a Base Offense Level of 30.  Following a three-level downward adjustment for acceptance of responsibility, the Defendant's Total Offense Level was 27.  His Criminal History Category was determined to be VI, resulting in a Guideline Range of 130 to 162 months.  The Court imposed a sentence of 162 months.

The Defendant alleges that under Amendment #706 to the United States Sentencing Guidelines as made retroactive by Amendment #711, his Base Offense Level is now 28 and, given the three-level deduction for acceptance of responsibility, his Total Offense Level is 25.  The Defendant's Criminal History Category remains at VI, resulting in a Guideline Range of 110 to 137 months.  Because of the ten-year mandatory minimum sentence, his range becomes 120 to 137 months.  The Defendant seeks an amended sentence of 137 months imprisonment.

In support of the motion, the Defendant states that he is employed as an orderly and has received favorable evaluations.  While incarcerated, he has completed numerous educational courses and has obtained his Commercial Driver's License.

The United States Probation Office objects to a two-level reduction. It notes that Defendant has eleven disciplinary infractions, including a serious infraction within the last year.  Thus, the Probation Office recommends a one-level reduction which would yield a Guideline Range of 120 to 150 months.  It recommends a sentence of 150 months imprisonment.

The Court has reviewed the Inmate Discipline Data Sheet prepared by the Probation Office.  It shows that nine of the Defendant's eleven violations occurred in 2003 or 2004.  Most of those infractions do not appear to be especially serious.  The most serious violation occurred on August 31, 2007, when the Defendant was sanctioned for disruptive conduct after handing a female staff member a sexually suggestive letter. This resulted in a loss of 27 days good time credit, 30 days segregation and a loss of phone privileges for 180 days.  On March 19, 2008, the Defendant was found to have possessed an unauthorized item.  This infraction resulted in a loss of commissary privileges for 90 days.

The Government has no objection to the two-level reduction in

accordance with Amendment #706.  It notes that most of the infractions occurred soon after the Defendant was incarcerated.  Moreover, no violence is associated with any of the infractions.

The Court will grant the motion for a two-level reduction.  Thus, the Court finds that the Defendant's Total Offense Level is now 25 and his Criminal History Category remains at VI.  Because of the mandatory minimum sentence, the Defendant's Guideline Range becomes 120 to 137 months.

The Court has considered the factors under 18 U.S.C. § 3553(a), especially the history and characteristics of this Defendant and the relevant public safety considerations.  The Court recognizes that Defendant has taken advantage of certain educational opportunities while he has been incarcerated.  In order to promote respect for the law and afford adequate deterrence to criminal conduct, however, the Court finds that a sentence slightly above the amended Guideline Range is appropriate.  Therefore, the Court will reduce the Defendant's sentence to 141 months imprisonment, which is four months above the high end of the amended Guideline Range.

Ergo, the Government's motion to substitute Assistant United States Attorney Patricia A. McInerney as counsel [d/e 60] is GRANTED. The Defendant's pro se motion to reduce his sentence [d/e 57] is DENIED AS MOOT. The Defendant's amended motion under 18 U.S.C. § 3582(c)(2) for an Order reducing the Defendant's term of imprisonment [d/e 59] is GRANTED. The Defendant's sentence is hereby reduced from 162 months to 141 months imprisonment. This Order is subject to the prohibition contained within U.S.S.G. § 1B1.10 (b)(2)(C). The Clerk of Court is directed to prepare an Amended Judgment consistent with this ruling and forward it to the Bureau of Prisons.

ENTER: October 21, 2008

FOR THE COURT:

s/Richard Mills
United States District Judge